**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE BELL,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL MAKOWSKI, JAMES STECHLY, JASON DONATO, BRANDON GERMANY, JAMES TOLF, and THE VILLAGE OF SUMMIT, a municipal corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 18-cv-2133<br><br>JUDGE ANDREA R. WOOD<br><br>JURY DEMAND |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, TYRONE BELL, by and through his attorneys, ADRIAN E. MAZAR of MATEK & MAZAR, LLC, and KEVIN ROGERS of the LAW OFFICES OF KEVIN ROGERS, and for his complaint at law, states as follows:

**JURISDICTION**

1. This action is brought under 42 U.S.C. §1983. Jurisdiction arises under 28 U.S.C. §1331 and 1343(3), and the United States Constitution. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367 for pendant claims.

2. All of the acts complained of below took place in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. Plaintiff, Tyrone Bell (hereinafter referred to alternatively as "plaintiff" or "Bell") is a citizen and resident of the Village of Summit, County of Cook, State of Illinois and the United States of America.

4. Defendant, Daniel Makowski (hereinafter referred to as "Makowski") is a duly appointed police officer of the Village of Summit. At all times hereto he was acting in the course and scope of his employment. He is sued in his individual capacity.

5. Defendant, James Stechly (hereinafter referred to as "Stechly") is a duly appointed

police officer of the Village of Summit. At all times hereto he was acting in the course and scope of his employment. He is sued in his individual capacity.

6. Defendant, Jason Donato (hereinafter referred to as "Donato") is a duly appointed police officer of the Village of Summit. At all times hereto he was acting in the course and scope of his employment. He is sued in his individual capacity.

7. Defendant, Brandon Germany (hereinafter referred to as "Germany"), is a duly appointed firefighter/paramedic employed by the Village of Summit Fire Department. At all times hereto Germany was acting in the course and scope of his employment. He is sued in his individual capacity.

8. Defendant, James Tolf (hereinafter referred to as "Tolf"), is a duly appointed firefighter/paramedic employed by the Village of Summit Fire Department. At all times hereto Germany was acting in the course and scope of his employment. He is sued in his individual capacity.

9. The Defendant, Village of Summit (hereinafter referred to as "Summit") is a municipal corporation in the County of Cook, State of Illinois. Summit is the employer of Makowski, Stechly, Donato, Germany and Tolf, and is sued herein on a theory of *respondeat superior* with regard to the Illinois common law claims. The Village of Summit has a duty and responsibility to indemnify the individual defendants' liability for official capacity judgments, whether settled or litigated, as stated in ***Carver v. Sheriff of LaSalle County***, 324 F.3d 947 (7th Cir. 2005).

10. At all times relevant hereto, Makowski, Stechly, Donato, Germany and Tolf acted under color of the Illinois Compiled Statutes, and the customs, ordinances, policies and procedures of the Village of Summit and the State of Illinois.

## FACTS

11. On or about September 3, 2017 the plaintiff was taking a nap in his parked motor vehicle, a 2012 Chevrolet Malibu, at or near 5800 Harlem Ave, Summit, Illinois.

12. While he was napping in his parked car with his car keys on the passenger seat, the plaintiff was approached by Makowski, Stechly and Donato, who surrounded his car.

13. Makowski told the plaintiff he was performing a "well-being check."

14. The plaintiff informed Makowski that he was fine and was simply taking a nap.

15. The defendants accused Bell of being under the influence, but did not perform a field sobriety test.

16. The defendant officers summoned Summit Fire Department paramedics Germany and Tolf to the scene and ordered them to perform a blood test on the plaintiff

17. After Germany and Tolf drew and tested Bell's blood, the defendants found no evidence of alcohol or illegal substances.

18. The plaintiff was not charged with any crime. Bell was permitted to depart on his own volition.

19. Bell is a commercial truck driver by profession.

20. On September 3, 2017, Bell had a valid Illinois Commercial Driver's License ("CDL"). He was an owner-operator of a semi tractor trailer used for hauling freight, and performed transport work as an independent contractor on behalf of a company called Intermodal Bridge Transport, Inc. located in Bedford Park, Illinois.

21. At the time of the occurrence Makowski, Stechly and Donato demanded to see Bell's driver's license, and were aware that it was a CDL and that Bell was a commercial driver.

22. At all times relevant hereto, there existed a section of the Illinois Administrative Code which states as follows:

> The Department shall cancel or medically deny a driver pursuant to IVC Sections 6-103(8) and 6-201(a)(5), if one or more of the authorized sources submits a mandatory law enforcement report or a signed, written notification on official letterhead to the Department that, based upon firsthand knowledge or pursuant to an official investigation, the person was the driver of a motor vehicle involved in any type of accident or incident resulting from a seizure, and attack of unconsciousness, or a blackout. *92 Ill. Adm. Code 1030.16 c)*

23. After the events described above, Stechly prepared and sent documentation to the

Office of the Secretary of State of Illinois, Drivers Services Department, including an Official Sworn Police Report, alleging that Bell had suffered a blackout and that he had performed a dangerous driving act on September 3, 2017. A copy of the report sent by Stechly to the Secretary of State is attached hereto and incorporated herein by reference as Exhibit "A."

24. As a direct and proximate consequence of the Office of the Secretary of State's receipt of the report from Stechly, the plaintiff's CDL was cancelled effective September 16, 2017.

25. The Notice/Order of Cancellation issued by the Office of the Secretary of State stated as follows:

> THIS ORDER IS ENTERED BASED UPON AN OFFICIAL INVESTIGATION THAT YOU WERE THE DRIVER OF A MOTOR VEHICLE INVOLVED IN AN ACCIDENT OR INCIDENT RESULTING FROM A SEIZURE, AN ATTACK OF UNCONSCIOUSNESS OR BLACKOUT, WHICH IS GOOD CAUSE TO BELIEVE THAT YOU ARE NOT SAFE TO OPERATE A MOTOR VEHICLE IN ACCORDANCE WITH SECTION 6-103(8) OF THE ILLINOIS VEHICLE CODE. ANY INQUIRIES RELATING TO THIS ORDER SHOULD BE DIRECTED TO THE MEDICAL REVIEW UNIT AT (217) 782-7246.

26. At no time has Bell ever been involved in an accident or incident resulting from a seizure, attack of unconsciousness or blackout, nor was he operating a motor vehicle in a dangerous manner on September 3, 2017.

27. Pursuant to the Notice/Order of Cancellation, which was issued pursuant to Stechly's false report, the plaintiff had to immediately surrender his CDL.

28. Without his CDL, Bell was unable to pursue his occupation as a truck driver.

29. In order to obtain a new CDL, Bell was required to and did obtain a medical report from a medical professional stating had no history of seizures, attacks of unconsciousness, or blackouts, and that he did not suffer a seizure, attack of unconsciousness or blackout on "the date of question."

30. Bell obtained said medical report and submitted it to the Office of the Secretary of State for review by the Illinois Medical Advisory Board.

31. After Bell received the required medical approval from the Illinois Medical Advisory Board, he was required to take and pass the vision, written and driving examination and pay the

required fee to get an Illinois Driver's License, which he did, and his driver's license was issued on November 2, 2017.

32. In order to obtain a CDL, Bell had to attend driving school and incur tuition and fees. On November 22, 2017 he obtained a Commercial Learner's Permit.

33. The loss of the plaintiff's driving privileges and CDL caused him loss of income, mental anguish, and consequential damages.

**COUNT I**

**42 U.S.C. §1983 Illegal Search and Seizure vs. Makowski, Stechly and Donato**

19. The plaintiff incorporates paragraphs 1-18 as if fully set forth herein.

20. The acts of Makowski, Stechly and Donato in detaining the plaintiff without probable cause and forcing him to submit to a blood test as described herein above maliciously, willfully, intentionally and/or with reckless disregard, violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. Section 1983 to be free of illegal search and seizure.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, the plaintiff, TYRONE BELL, prays that this Honorable Court:

A. Enter judgment in favor of the plaintiff and against defendants, DANIEL MAKOWSKI, JAMES STECHLY and JASON DONATO, jointly and severally;

B. Award actual or compensatory damages;

C. Award punitive damages against the defendants;

D. Award attorney's fees pursuant to 42 U.S.C. Section 1988 and costs of this action;

E. Award such other and further relief as this Honorable Court deems proper and just.

**COUNT II**

**42 U.S.C. §1983 Deprivation of Liberty vs. James Stechly**

34. The plaintiff incorporates paragraphs 1-33 as if fully set forth herein.

35. The acts of Stechly in the reporting of false information about Bell to the Office of the Secretary of State of Illinois maliciously, willfully, intentionally and/or with reckless disregard, violated plaintiff's right to occupational liberty under the Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C. Section 1983 to be free of deprivations of his liberty interests.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, the plaintiff, TYRONE BELL, prays that this Honorable Court:

A. Enter judgment in favor of the plaintiff and against defendant, JAMES STECHLY;

B. Award actual or compensatory damages;

C. Award punitive damages against the defendants;

D. Award attorney's fees pursuant to 42 U.S.C. Section 1988 and costs of this action;

E. Award such other and further relief as this Honorable Court deems proper and just.

## COUNT III

### Illinois Common Law False Arrest vs. Makowski, Stechly, Donato and the Village of Summit

19. The plaintiff incorporates paragraphs 1-18 as if fully set forth herein.

20. The acts of Makowski, Stechly and Donato in detaining the plaintiff without probable cause and forcing him to submit to a blood test as described herein above were performed without lawful justification and constituted false arrest under the common law of the State of Illinois.

21. At all times relevant hereto, Makowski, Stechly and Donato were acting within the course and scope of their employment with the Defendant, the Village of Summit, a Municipal Corporation and otherwise on the Village's behalf and to its benefit.

WHEREFORE, the plaintiff, TYRONE BELL, prays that this Honorable Court:

A. Enter judgment in favor of the plaintiff and against defendants, DANIEL MAKOWSKI, JAMES STECHLY, JASON DONATO, and THE VILLAGE OF SUMMIT;

B. Award actual or compensatory damages;

C. Award such other and further relief as this Honorable Court deems proper and just.

## COUNT IV

### Illinois Common Law Willful and Wanton Negligence vs. Stechly and the Village of Summit

34. The plaintiff incorporates paragraphs 1-33 as if fully set forth herein.

35. At all times relevant hereto, Stechly had a duty of reasonable care to avoid conduct that would place the plaintiff in an unreasonable risk of harm.

36. Stechly knowingly, intentionally and/or deliberately transmitted a report in writing to the Office of the Secretary of State of Illinois falsely stating that the plaintiff was the driver of a motor vehicle involved in an accident or incident resulting from a seizure, an attack of unconscious or blackout.

37. Stechly breached his aforesaid duty of care by committing or more of the following knowing, deliberate or intentional acts or omissions:

a. falsely informed the Office of the Secretary of State of Illinois that plaintiff had been in an accident without performing an investigation;

b. falsely informed the Office of the Secretary of State of Illinois that plaintiff had been in an accident when in fact he had not;

c. falsely informed the Office of the Secretary of State of Illinois that plaintiff had suffered a seizure, attack of unconsciousness or blackout without performing an investigation;

d. falsely informed the Office of the Secretary of State of Illinois that plaintiff had suffered a seizure, attack of unconsciousness or blackout when in fact he had not;

e. transmitted false information to the Office of the Secretary of State of Illinois for the purpose of depriving him of his driving privileges;

f. transmitted false information to the Office of the Secretary of State of Illinois for the

purpose of depriving the plaintiff of his driving privileges, as retaliation for a prior lawsuit plaintiff had filed against the Village of Summit and certain of its officers.

38. As a direct and proximate result of the false information transmitted by the defendants, the Office of the Secretary of State of Illinois found that the "documentation established good cause to believe that (Bell) may not be medically/mentally safe to operate a motor vehicle." (See September 8, 2017 letter from the Secretary of State's Office, attached hereto and incorporated herein by reference as Exhibit "A"), and as a result canceled Bell's DL and CDL.

39. At all times relevant hereto, Stechly was acting within the course and scope of his employment with the Defendant, the Village of Summit, a Municipal Corporation and otherwise on the Village's behalf and to its benefit.

WHEREFORE, the plaintiff, TYRONE BELL, prays that this Honorable Court:

A. Enter judgment in favor of the plaintiff and against defendants, JAMES STECHLY and THE VILLAGE OF SUMMIT;

B. Award actual or compensatory damages;

C. Award such other and further relief as this Honorable Court deems proper and just.

**COUNT V**

**Illinois Common Law Battery v. Germany and Tolf**

18. The plaintiff incorporates paragraphs 1-17 as if fully set forth herein.

19. The actions of Germany and Tolf in drawing the plaintiff's blood was a harmful or offensive touching without the consent of the plaintiff, which constituted a battery under the common law of the State of Illinois.

20. At all times relevant hereto, Germany and Tolf were acting within the course and scope of their employment with the Defendant, the Village of Summit, a Municipal Corporation and otherwise on the Village's behalf and to its benefit.

21. As a direct and proximate result of the unlawful conduct of Germany, Tolf and the

Village of Summit, the plaintiff has suffered physical pain, mental suffering and anguish.

WHEREFORE, the plaintiff, TYRONE BELL, prays that this Honorable Court:

A. Enter judgment in favor of the plaintiff and against defendants, BRANDON GERMANY, JAMES TOLF and THE VILLAGE OF SUMMIT;

B. Award actual or compensatory damages;

C. Award such other and further relief as this Honorable Court deems proper and just.

Respectfully submitted,

/s/Adrian E. Mazar
Attorney for Plaintiff

Adrian E. Mazar
Matek & Mazar, LLC
77 W. Washington St., Ste. 1313
Chicago, IL 60602
PH (312) 372-5800
F (312) 372-1276
amazar@matekmazarlaw.com

Kevin Rogers
Law Offices Of Kevin Rogers
307 N. Michigan Avenue, Suite 305
Chicago, IL 60601
PH (312) 332-1188
F (312) 332-0192
Kevin@KevinRogersLaw.com